# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| **JOE DAVID QUINTANILLA,** | § | |
| **TDCJ ID No. 1479099,** | § | |
| **SID No. 2454192** | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | **1:08-CV-117-BI** |
| | § | **ECF** |
| **v.** | § | |
| | § | |
| **NOLAN COUNTY SHERIFF** | § | |
| **DEPARTMENT and OFFICER ELI,** | § | |
| | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION
## AND TRANSFER TO THE UNITED STATES DISTRICT JUDGE

Plaintiff, previously confined to the Terrell Unit, Texas Department of Criminal Justice - Institutional Division and later confined to the Jim Wells County Jail in Alice, Texas, is proceeding *pro se* and *in forma pauperis*. He filed a civil rights complaint on September 15, 2008, alleging that the Nolan County Sheriff's Department and Officer Eli were deliberately indifferent to his serious medical needs, were negligent in transporting him and allowing him to fall, and subjected him to cruel and unusual punishment. By order dated September 23, 2008, this case was transferred to the docket of United States Magistrate Judge Philip R. Lane for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

The United States Magistrate Judge set an evidentiary hearing for December 4, 2008, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (Doc. 8). The court also entered an Order to Complete Questionnaire on October 7, 2008, which was sent to Plaintiff's then-current address (Doc. 9). Plaintiff filed a notice of change of address, notifying the court that was he no

longer in TDCJ-ID custody and was confined to the Jim Wells County Jail, in Alice, Texas (Doc. 10). The court entered an order vacating the evidentiary hearing set for December 4, 2008 (Doc. 11). The Order to Complete Questionnaire was sent again to the new address provided by Plaintiff (Doc. 13). The Order to Complete Questionnaire and other mail from the court were returned as undeliverable on November 3, 2008 (Doc. 12, 14). The court issued an Order to Show Cause on November 4, 2008 (Doc. 6), admonishing Plaintiff that his failure to show good cause for providing the clerk of the court with his current address and to update the clerk with his new address would result in a recommendation to the United States District Court that Plaintiff's complaint be dismissed without prejudice. Plaintiff was instructed to demonstrate good cause for his failure to appear and to provide the clerk of the court with his current address within fifteen (15) days of the entry of the order. On November 26, 2008, a copy of the Order to Show Cause sent to Plaintiff at his last known address was returned as undeliverable (Doc. 17).

It appears that Plaintiff has moved without advising the court of his new address, as required by LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas, which require that a *pro se* party, like an attorney, must apprise the court of any address change. The court finds that Plaintiff has severed contact with the court.

Plaintiff's failure to comply with the court's orders or local rules or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims. The court finds that Plaintiff's failure to appear at his scheduled hearings and his severance of contact with the court demonstrates a manifest lack of interest in litigating his claims.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link v.*

*Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

In this case Plaintiff failed to file a written notice of his current mailing address with the clerk of the court, failed to respond to the Order to Complete Questionnaire, and failed to respond to the Order to Show Cause by demonstrating good cause for his failure to alert the clerk of his current address and by showing why his complaint should not be dismissed. Plaintiff has had no contact with the court since at least October 8, 2008.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing discussion of the issues and the law and of the procedural history of this case, this court recommends that the United States District Judge dismiss Plaintiff's complaint filed September 15, 2008, and all claims asserted therein against Defendants Nolan County Sheriff's Department and Officer Eli without prejudice for failure to prosecute, for failure to comply with the local rules and the orders of the court, and for severing contact with the court.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings,

conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

## TRANSFER TO THE UNITED STATES DISTRICT JUDGE

**IT IS, THEREFORE, ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 4th day of December, 2008.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**